J-A21017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROY J. BURKETT JR., ADMINISTRATOR OF THE ESTATE OF NANNIE BURKETT, DECEASED AND IN HIS OWN RIGHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ST. FRANCIS COUNTRY HOUSE, CATHOLIC HEALTHCARE SERVICES AND ARCHDIOCESE OF PHILADELPHIA | |
| Appellant | No. 2633 EDA 2013 |

Appeal from the Order Dated August 16, 2013
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): October Term, 2012, No. 002585

BEFORE:  BOWES, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                              **FILED JULY 11, 2017**

This case returns to us on remand following the Pennsylvania Supreme

Court's decision in **Taylor v. Extendicare**, 147 A.3d 490 (Pa. Sept. 28,

2016), *cert. denied*, 137 S. Ct. 1375 (U.S. 2017) ("**Taylor II**").[1]  Upon

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In **Taylor II**, the sole issue before the Supreme Court was whether a non-arbitrable wrongful death cause of action could be severed from a survival action to allow the survival claim to proceed to arbitration pursuant to an agreement.  As will be discussed in more detail *infra*, the central question was whether the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*., preempted Pennsylvania Rule of Civil Procedure 213(e).  Accordingly, our disposition will be limited to that determination as it is the only outstanding contention following the remand.  **See Burkett v. St. Francis Country**

*(Footnote Continued Next Page)*

review, we affirm in part, reverse in part, and remand for further proceedings.

The relevant history of this nursing home facility wrongful death and survival lawsuit was set forth in this Court's January 25, 2016, opinion affirming the trial court's order denying a motion to compel arbitration brought by St. Francis Country House, Catholic Healthcare Services, and Archdiocese of Philadelphia (collectively, "St. Francis").[2] ***See Burkett v. St. Francis Country House***, 133 A.3d 22 (Pa. Super. 2016), *reversed*, 162 EAL 2016, 2016 Pa. LEXIS 2308 (Pa. Oct. 17, 2016) (*per curiam*).

Relying on this Court's decision in ***Pisano v. Extendicare Homes, Inc.***, 77 A.3d 651 (Pa. Super. 2013), the trial court determined that Burkett was a non-intended third party, in his capacity as administrator of the Estate and in his own right. Moreover, the court concluded Burkett was not bound under the Arbitration Clause to arbitrate either the wrongful death or

*(Footnote Continued)* _____

***House***, 162 EAL 2016, 2016 Pa. LEXIS 2308 (Pa. Oct. 17, 2016) (*per curiam*) ("**AND NOW**, this 17th day of October, 2016, the Petition for Allowance of Appeal is **GRANTED**. The Superior Court's order is **VACATED**. The matter is **REMANDED** for proceedings consistent with the decision in ***Taylor v. Extendicare***, 147 A.3d 490, No. 19 WAP 2015, 2016 Pa. LEXIS 2166 (Pa. filed September 28, 2016).").

[2] We briefly note St. Francis owned and operated St. Francis Country House, a nursing home facility where the decedent, Nannie Burkett ("Decedent"), resided at the time of her death. Roy J. Burkett, Jr., Administrator of the Estate of Nannie Burkett, deceased, and in his own right as son (collectively, "Burkett") filed a complaint, alleging that while Decedent was a resident at the facility, she sustained serious and permanent injuries, which were directly and proximately caused by the negligence of the facility.

survival claims. Consequently, on August 21, 2013, the trial court entered an order denying St. Francis's motion to compel arbitration.

On appeal, we concluded that in accordance with **Pisano** and contrary to St. Francis's argument, the trial court did not abuse its discretion in failing to compel arbitration of Burkett's wrongful death claim. **See Burkett**, 133 A.3d at 28-31.

With respect to the survival action, however, we were constrained to rely on this Court's decision in **Taylor v. Extendicare Health Facilities, Inc.**, 113 A.3d 317, 319 (Pa. Super. 2015) ("**Taylor I**"), which held that Pa.R.C.P. 213(e)[3] required consolidation of wrongful death and survival actions for trial. Further, the panel determined Rule 213 and the Wrongful Death Act[4] were not preempted by the Federal Arbitration Act ("FAA").[5] Therefore, we were compelled to conclude the trial court did not abuse its

_____

[3] Pa.R.C.P. 213(e) provides: "A cause of action for the wrongful death of a decedent and a cause of action for the injuries of the decedent which survives his or her death may be enforced in one action, but if independent actions are commenced they shall be consolidated for trial." Pa.R.C.P. 213(e).

[4] The panel found additional support for consolidation in the final clause of the Wrongful Death Act, which states: "… and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery." 42 Pa.C.S. § 8301(a); **see Taylor I**, 113 A.3d at 322.

[5] **See** 9 U.S.C. § 1 et seq. The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

discretion in refusing to sever and refer Burkett's survival action claims to arbitration. *See Burkett*, 133 A.3d at 31-36.[6]

However, subsequently, the Pennsylvania Supreme Court reversed the decision in *Taylor I*, holding that Rule 213(e) conflicts with the FAA and therefore, is preempted. *Taylor II*, 147 A.3d at 510 ("The Supreme Court has made clear that bifurcation and piecemeal litigation is the tribute that must be paid to Congressional intent.").[7]

The Supreme Court in *Taylor II* also opined:

The only exception to a state's obligation to enforce an arbitration agreement is provided by the savings clause, which permits the application of generally applicable state contract law defenses such as fraud, duress, or unconscionability, to

---

[6] In our analysis, we expressed our "hesitation in the matter with respect to *Taylor* [*I*] as it appears to provide for a bright-line rule regarding consolidation of wrongful death and survival actions in these skilled nursing facility arbitration agreement disputes." *Burkett*, 133 A.3d at 34. Moreover, we noted case law has permitted "that application of a valid arbitration clause may produce piecemeal litigation" and the FAA preempted Rule 213. *Id.* at 34-35 (citations omitted).

[7] The Supreme Court also stated:

We recognize that Rule 213(e) is a procedural mechanism to control case flow, and does not substantively target arbitration. However, the Supreme Court directed … that state courts may not rely upon principles of general law when reviewing an arbitration agreement if that law undermines the enforcement of arbitration agreements. We cannot require a procedure that defeats an otherwise valid arbitration agreement, contrary to the FAA, even if it is desirable for the arbitration-neutral goal of judicial efficiency.

*Taylor II*, 147 A.3d at 510.

determine whether a valid contract exists. Pursuant to the savings clause, the compulsory joinder mandate of Rule 213(e) could bar the trial court from bifurcating the Taylors' arbitrable survival action from its pending litigation in state court only if it qualifies as a generally applicable contract defense.

*Taylor II*, 147 A.3d at 509 (citations and footnote omitted). As such, the Supreme Court remanded the matter to the trial court, providing "the parties will have the opportunity to litigate whether there is a valid and enforceable arbitration contract in accord with generally applicable contract defenses and the FAA's savings clause." *Id. at* 513.

Turning to the present matter, pursuant to *Pisano*, we reiterate the trial court did not abuse its discretion in failing to compel arbitration of Burkett's wrongful death claims. As such, Burkett is entitled to a trial on the wrongful death cause of action.

However, like the claimants in *Taylor II*, Burkett argued he was not bound by the arbitration agreement based on allegations of unconscionability and lack of consideration. *See* Burkett's Brief 16-29. The trial court did not address these issues due to its finding that the claims fell outside of the agreement. Furthermore, there was no evidence presented by the parties with respect to these claims. Therefore, in accordance with *Taylor II*, we remand for the parties and the court to address these contract-based defense claims related to the survival action.

Order affirmed in part and reversed in part. Case remanded for action consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/11/2017</u>